# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### On Brief September 13, 2006

## STATE OF TENNESSEE v. JIMMY DANIEL PRATER

### Appeal from the Circuit Court for Wayne County
### No. 13328    Robert L. Jones, Judge

---

### No. M2006-00672-CCA-R3-CD - Filed January 18, 2007

---

A Wayne County Jury convicted the defendant of four hunting related offenses. The trial court sentenced the defendant to an effective sentence of seventy days, to serve forty-two days in incarceration with the remainder suspended. The defendant argues on appeal that he should have been granted probation with regard to his entire sentence. After a review of the record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and THOMAS T. WOODALL, JJ., joined.

R. H. Stovall, Jr., Assistant Public Defender, Columbia, Tennessee, for the appellant, Jimmy Daniel Prater.

Paul G. Summers, Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Mike Bottoms, District Attorney General; and J. Douglas Dicus, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Field Officer Timothy Astin of the Tennessee Wildlife Resources Agency received a call on November 15, 2003 which prompted him to stake out a barn across the street from the defendant's residence. Wildlife Officer Jeff Hummel joined Officer Astin on the stakeout.

The two officers proceeded to watch the barn for four hours. While using binoculars to peer inside the barn, the officers spotted parts of a deer. They also saw the defendant go into the barn two times. The first time the defendant went in with his father, knelt down next to the deer and grabbed the deer by the antlers and showed it to his father. The second time the defendant went in with a

second man, Robert Anderson. Officer Astin decided to approach the defendant and Anderson. Before approaching them, he sent Officer Hummel into the barn. Once in the barn, the officers discovered that the deer had been dressed.

Officer Astin then questioned the defendant about the deer. The defendant told the officer that he had found the deer in a ditch after it had apparently been hit by a vehicle. Officer Astin opined that the deer had actually been shot. The defendant persisted in his story. Officer Astin searched the defendant's car, found nothing, and sent the defendant to his residence across the street to retrieve his gun. Officer Astin took the rifle and asked the defendant to follow him to the Wayne County Jail to make a statement.

At the jail, after waiving his Miranda rights, the defendant admitted he had shot the deer with his father's rifle. He stated that he saw four deer in a field and shot one of them. The deer did not die from the gunshot, so he stabbed it and cut its throat. He gutted the deer and dragged it to his Jeep. Cleveland Moore, a witness at the trial, saw the deer in the defendant's Jeep on the morning in question. The defendant told the officers that he went turkey hunting with a friend later that day.

The defendant did not attach a kill tag to the deer or take it to a checking station as required by law. The only hunting season open on November 16, 2003, the day in question, was archery season.

The Wayne County Grand Jury indicted the defendant for hunting without permission of the landowner, hunting from a motor vehicle, hunting in a closed season, possessing an untagged deer, and hunting deer from a public road. At the conclusion of a jury trial held October 12, 2004, the defendant was found guilty of all charges except hunting from a motor vehicle. The jury assessed a $500 fine for the hunting in closed season conviction and assessed a $50 fine for each of the other three convictions.

The trial court also sentenced the defendant on October 12, 2004. The judgments stated that the, "total sentence . . . is 70 days sentence with 42 days to serve, running [the hunting without permission and hunting in closed season convictions] consecutive remainder concurrent to report to jail on Nov. 15, 2004 pending further orders of court. Loss of hunting privileges for a period of 1 year."

On November 8, 2004, the defendant filed both a motion for new trial and a Rule 35 Motion for reduction of sentence. The trial court denied both motions by order on November 10, 2004. On November 17, 2004, the defendant filed a timely notice of appeal.

## ANALYSIS

The defendant argues one issue on appeal. The defendant argues that his sentence is excessive, and the trial court should have awarded the defendant probation for the entire term. The

State argues that the defendant's issue is waived for failure to present an adequate record for this Court's review.

The defendant did not submit a transcript of the trial and sentencing hearings held in the trial court. He instead submitted a Statement of the Evidence. Rule 24 (c) of the Tennessee Rules of Appellate Procedure states:

> (c) Statement of the Evidence When No Report, Recital, or Transcript Is Available. If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant or the appellant's counsel as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 90 days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. Proof of service shall be filed with the clerk of the trial court with the filing of the statement. If the appellee has objections to the statement as filed, the appellee shall file objections thereto with the clerk of the trial court within fifteen days after service of the declaration and notice of the filing of the statement. Any differences regarding the statement shall be settled as set forth in subdivision (e) of this rule.

The defendant filed the Statement of the Evidence on March 21, 2006, more than a year beyond when a Statement of the Evidence should have been filed in accordance within Rule 24(c). On April 24, 2006, this Court entered an order suspending the Rules to allow for the late-filing of the defendant's Statement of the Evidence. The defendant's statement of the evidence with regard to the sentencing hearing is as follows:

> The Defendant was given an opportunity to be heard on the issue of sentencing. His criminal record was examined, and revealed numerous misdemeanor convictions, mostly driving related. After considering the mitigating and enhancing factors as well as the principles of sentencing the court sentenced the Defendant as follows:
>
> Count One: Hunting Without a Property Owner's Permission. The Court approved the $50 fine assessed by the jury and imposed a jail sentence of thirty days, suspended after service of 2 days.
> Count Two: The Defendant was acquitted of this charge.

Count Three: Hunting During A Closed Season-Second Offense. The Court approved the $500 fine assessed by the jury and imposed a jail sentence of 70 days, suspended after serving 40 days. [sic][1] These forty days were to be served after the 2 days served for count One, for a total service time of 42 days. The gun was to be forfeited as contraband and the Defendant would lose his hunting privileges for one year.

Count Four: Possession of Untagged Wildlife. The Court approved the $50 fine assessed by the jury and imposed a sentence of 30 days, all suspended, and concurrent to count three.

Count Five: Hunting from a Public Road. The Court approved the $50 fine assessed by the jury and imposed a sentence of 30 days, all suspended, and concurrent to count three.

Costs were adjudged against the Defendant in Count 3 and waived on the other counts.

## Analysis

The defendant was sentenced to forty days to serve on his conviction for hunting during a closed season-second offense. Under Tennessee Code Annotated section 70-40-116, "[i]t is unlawful to hunt . . . at any time . . . other than at times . . . designated by the commission in its promulgation of open seasons . . . ." Tenn. Code Ann. § 70-4-116(b). The statute also states, "It is mandatory upon the court to impose the prison sentence, upon conviction for a second or subsequent offense, and the prison sentence is not subject to suspension." Tenn. Code Ann. § 70-4-116(e)(1). Clearly, according to statute, the defendant is not eligible for probation of his 40-day sentence on his second conviction for hunting during a closed season..

We now turn to the defendant's argument with regard to his conviction for hunting without a landowner's permission for which he received a thirty day sentence all but two days suspended. There is no prohibition in the statute regarding availability of probation for this conviction. See, Tenn. Code Ann. sec. 70-4-106.

The defendant has presented only the statement of the evidence to support his claim that the trial court erred in denying him full probation. The defendant has not included a presentencing report or a transcript of the proceedings in the record. The Statement of the Evidence is merely a recitation of what is included on the judgment forms. Rule 24(c) states, "The statement [of the evidence] should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." The Statement of the Evidence provided by the defendant does not include any information as to what factors the trial court considered in sentencing the defendant.

---

[1] This statement is inaccurate. The judgment reflects that for this offense the trial court sentenced the defendant to forty days of incarceration. The remaining thirty days of the effective sentence were for hunting without a property owner's permission.

There is a presumption of correctness that the misdemeanor sentencing determinations of the trial court are valid in the absence of a record to the contrary. State v. Troutman, 979 S.W.3d 271, 274 (Tenn. 1998). With the record presented before us, we are unable to determine what factors the trial court considered or did not consider when sentencing the defendant. Therefore, we must conclude that the trial court was correct in sentencing the defendant to serve in incarceration the two days of his thirty-day sentence for hunting without a landowner's permission.

Therefore, this issue is without merit.

## CONCLUSION

For the foregoing reasons, we affirm the judgments of the trial court.


_____
JERRY L. SMITH, JUDGE